**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JEANNINE L. ORANGE, individually
and as Trustee for the Orange, Jeannine
Louise Trust Estate,

      Plaintiff,

vs.                                      Case No. 3:25-cv-1246-MMH-LLL

RADIFI CREDIT UNION,

      Defendant.
_____/

**O R D E R**

    **THIS CAUSE** is before the Court sua sponte. Plaintiff Jeannine L. Orange initiated the instant action on October 16, 2025, by filing a Complaint for Equitable Relief, Restitution of Deposited Property, Declaratory Judgment, and Damages for Violations of Federal Banking Law, Fiduciary Breach, and Unjust Enrichment (Doc. 1; Complaint) against Defendant Radifi Credit Union. Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading."

    In the analysis that follows, the Court will discuss some of the problems with the Complaint and provide Orange with the opportunity to file a corrected complaint consistent with the Federal Rules of Civil Procedure (Rule(s)). Orange should carefully review this Order and consider utilizing the resources available

for pro se litigants, cited below, before filing her corrected complaint.[1] Failure to comply with the pleading requirements set forth in this Order may result in the dismissal of this action without further notice.

As a preliminary matter, the Court offers some general guidance for Orange as she drafts her corrected complaint. This guidance is not directed at particular deficiencies in the Complaint but instead is intended to be generally useful for Orange as she navigates the complexities of federal practice. While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "conform to procedural rules." Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[2] The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the

---

[1] All filings with the Court must be made in accordance with the requirements of the Rules and the Local Rules of the United States District Court for the Middle District of Florida (Local Rules(s)). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available online and in state court law libraries.

[2] In citing to Riley, the Court notes that "[a]lthough an unpublished opinion is not binding … , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

grounds on which it rests." Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). Rules 8 and 10 work together "to require the pleader to present h[er] claims discretely and succinctly, so that h[er] adversary can discern what [s]he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not." Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

Significantly, a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. See generally Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings).[3] The Eleventh Circuit has

---

[3] The Eleventh Circuit has summarized the four categories of shotgun complaints as follows:
> The first [category] is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without

unequivocally instructed that shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable." (collecting cases)). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." Weiland, 792 F.3d at 1321; see, e.g., id. at 1321 n.9 (collecting cases). As the court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. As such, when faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court

---

specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."
Barmapov v. Amuial, 986 F.3d 1321, 1324–25 (11th Cir. 2021) (quoting Weiland, 792 F.3d at 1321–23).

-4-

ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

Relevant in this action is the first type of shotgun pleading, which occurs when a plaintiff asserts "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland, 792 F.3d at 1321, 1321 n.11 (collecting cases). As a result, "most of the counts … contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, in each subsequent count of the Complaint, Orange "reiterates and realleges each and every allegation" of all the preceding counts. See Complaint ¶¶ 22, 27, 31, 34, 39, 47, 49. This manner of pleading falls squarely into the first category of impermissible shotgun pleadings. See Barmapov, 986 F.3d at 1325 (11th Cir. 2021) (describing the four general categories of shotgun pleadings) (citing Weiland, 792 F.3d at 1321–23); see also Sarhan v. Miami Dade Coll., 800 F. App'x 769, 771–72 (11th Cir. 2020) (same).

Because Orange's Complaint is an impermissible shotgun pleading, the Court will strike the filing and direct Orange to file a corrected complaint. See

Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460–61 (11th Cir. 2010) ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement."). In drafting her corrected complaint, Orange must avoid the shotgun pleading deficiency discussed above by refraining from reincorporating prior counts in subsequent counts. Also, Orange should ensure that she complies with the typography requirements set forth in the Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)). See Local Rule 1.08(a)–(b). Future filings which do not comply with this or any other Local Rule may be stricken.

Prior to filing her corrected complaint, the Court encourages Orange to consider consulting with a legal aid organization that offers free legal services, such as Jacksonville Area Legal Aid (JALA). Alternatively, the Jacksonville Federal Court Bar Association operates a Legal Information Program. Through that program, pro se litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Orange may call the Clerk's Office at (904) 549-1900 to request an appointment. More information about the program is available on the Court's website at www.flmd.uscourts.gov/legal-information-program.[4]

---

[4] In preparing the corrected complaint and any future filings, the Court recommends that Orange visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants Without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without a Lawyer." If Orange does not have access to the internet, one free copy of the

Accordingly, it is

**ORDERED**:

1. The Complaint (Doc. 1) is **STRICKEN**.

2. Orange shall file a corrected complaint[5] consistent with the directives of this Order on or before **November 20, 2025**. Failure to do so may result in the dismissal of this action.

**DONE AND ORDERED** at Jacksonville, Florida on October 30, 2025.

MARCIA MORALES HOWARD
United States District Judge

lc36
Copies to:
Counsel of Record

---

Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

[5] The filing of the corrected complaint does not affect any right Plaintiff may have to amend as a matter of course pursuant to Rule 15(a)(1), Federal Rules of Civil Procedure.